### Green Fate v. The State.

#### No. 3049.   Decided March 18, 1914.

**1.—Rape—Jury Viewing Ground.**

Upon trial of rape, the court correctly refused that the jury inspect the ground where the offense was alleged to have occurred.

**2.—Same—Charge of Court—Objections.**

Where no written objections were filed to the court's charge prior to the time it was read to the jury, objections in a motion for new trial come too late; however, there was no error in the court's charge.

**3.—Same—Verdict—Punishment Not Excessive—Reforming Sentence.**

Whenever a verdict is within the period of time fixed by law as punishment for the offense, it is not excessive; however, where the court erroneously sentenced defendant, the sentence will be reformed according to the verdict.

Appeal from the District Court of Grayson.   Tried below before the Hon. W. J. Mathis.

Appeal from a conviction of rape; penalty, ninety-nine years imprisonment in the penitentiary.

The testimony for the State showed that the defendant committed rape on a little girl eight years old.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of rape, and his punishment assessed at ninety-nine years confinement in the State penitentiary.

The appellant complains that the court erred in not sending the jury, at his request, to inspect the ground where the offense is alleged to have occurred.   The court correctly refused the request—a jury can not be permitted to travel around over the country receiving evidence by sight alone, and which they might discuss without the knowledge of appellant.

The court's charge fully and fairly presented every issue in the case,

and it was not necessary to give any of the special charges. Some of those requested would have been on the weight to be given the testimony, and, of course, these ought to have been refused, while those that presented the law are fully covered by the court's charge. There was no objection filed to the court's charge prior to the time it was read to the jury, and under our law now it is too late to complain of the charge as given for the first time in the motion for a new trial. However, had the objections presented in the motion for new trial been made at the proper time, no error would have been presented.

Complaint is made that the verdict is excessive. Whenever the verdict is within the period of time fixed by law as punishment for the offense, it is not excessive. However, in pronouncing sentence, under the indeterminate sentence law, the court should have sentenced appellant for a term of years not less than five nor more than ninety-nine years, and the sentence is here now reformed and corrected so that it shall so read.

The judgment is affirmed.                        *Affirmed.*