## J. P. Lovett v. The State.

No. 5484.   Decided June 23, 1920.

**1.—Murder—Manslaughter—Special Venire—Practice on Appeal.**

Where the question with reference to quash the special venire was recently decided adversely to the defendant, it need not be again considered. Following Taylor v. State, 87 Texas Crim. Rep., 330; recently decided.

**2.—Same—Challenge of Jurors—Practice on Appeal.**

Where the judgment is reversed and the cause remanded upon other grounds, the overruling for cause of challenge of jurors need not be considered. ·

**3.—Same—Evidence—Insult to Female Relatives—Matters Unknown to Defendant.**

Where upon trial of murder and a conviction of manslaughter, a daughter of defendant testified that just before he shot deceased she had informed him that the latter had outraged her and had intercourse with her, and this was the extent of the information she conveyed to her father, it was reversible error to permit the State to go into all the incidental matters and surroundings that occurred between said daughter and deceased over the objections of the defendant. Following Young v. State, 59 Texas Crim. Rep., 139.

**4.—Same—Evidence—Cross-examination—Defendant as a Witness.**

Upon trial of murder and a conviction of manslaughter it was reversible error to admit evidence on cross-examination of defendant as a witness that his wife in their marital relations at home was continually nagging at him and that she upbraided him for his real or supposed intimacy with another woman and other women. Following Bullington v. State, 80 Texas Crim. Rep., 309, and other cases.

**5.—Same—Jury and Jury Law—Visiting Scene of Homicide.**

Upon trial of murder and a conviction of manslaughter, the jury who tried the defendant should not have been permitted to visit the scene of the homicide, view the ground, and its location and environments. Following Smith v. State, 42 Texas, 444, and other cases.

**6.—Same—Abandonment of Difficulty—Self-Defense—Charge of Court.**

Where upon trial of murder and a conviction of manslaughter the evidence did not raise the issue of an abandonment of the difficulty by deceased, the court should not have charged thereon.

Appeal from the District Court of Nacogdoches.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of manslaughter;   penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*Woods, Barkley & King, V. E. Middlebrook, S. M. Adams,* and *C. C. Watson,* for appellant.—On question of introducing in evidence incidents as to intercourse between daughter of defendant and deceased: Jones v. State, 33 Texas Crim. App., 492. Messer v. State, 43 id., 107; McAnear v. State, 43 id., 518; Canister v. State, 46 id., 223; Gillespie v. State, 53 id., 167; Bays v. State, 50 id., 551.

On question of undisclosed motive of deceased: Johnson v. State, 22 Texas Crim. App., 224; Gant v. State, 55 Texas Crim. Rep., 291; Richards v. State, 53 id., 412; Young v. State, 59 id., 139; Ransom v. State, 165 S. W. Rep., 932.

On question of domestic relations between defendant and wife: Ray v. State, 43 Texas Crim. Rep., 234.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was given five years in the penitentiary under a conviction for manslaughter.

Deceased was a tenant of appellant. On the morning preceding the killing in the evening they had a personal collision in which appellant was badly beaten. This occurred at the depot in the town of Nacogdoches. Appellant lived in the outer edge of the town. He went from the depot to his residence, and later during the day returned to the city, having his pistol with him. While at home his daughter informed him that deceased had outraged and had intercourse with her. After returning to town he shot and killed the deceased. The jury acquitted of murder and convicted of manslaughter.

Appellant moved to quash the special venire for various reasons. He files a very elaborate and remarkably able argument in support of his motion. This question was decided recently in Elbert Taylor v. State, 87 Texas Crim. Rep., 330; adversely to his contention.

There are exceptions to the ruling of the court overruling causes for challenge to jurors as empanelled. It is unnecessary to discuss the ruling of the court inasmuch as the case will be reversed upon other questions, and the question arising with reference to jurors may not occur upon another trial.

Another bill shows that Mrs. Franklin, daughter of appellant, just before her father shot deceased, informed him that the deceased had outraged and had intercourse with her. This seems to have been the extent of the information she conveyed. The attendant circumstances were not mentioned by her, and of such circumstances, so far as this record goes, he was ignorant. The State undertook to go into all incidental matters and environments that occurred between Mrs. Franklin and the deceased. Appellant urged objections. We are of opinion that the State ought not to have been permitted to go that far under the circumstances of this case. Matters unknown to defendant could not affect him, nor weigh upon his mind, viewed from

the standpoint of adequate cause and sudden passion. The things which are known and which enter into the adequate cause which produces passion are proper subjects of inquiry, whether they tend to enhance passion or minimize it. It is the condition of the defendant's mind at the time he acts and the causes which produce that condition of mind that enables the jury to view it from the defendant's standpoint. It is from this viewpoint he acts. We are of opinion that under Young v. State, 59 Texas Crim. Rep., 139, appellant's contention should have been sustained. The rule seems to be well settled that he could not be heard to urge insulting conduct as a basis for sudden passion and adequate cause if such were not known to him. They could not enter into his act or acts in connection with the homicide. The case should be viewed in its bearing from the standpoint of the defendant, and this includes adequate cause and sudden passion where the issue is manslaughter. Unknown causes could not affect his mind for or against him for the reason that he was unaware of their existence. It may be true, however, that if these matters be shown by the evidence to have been manufactured, and appellant was aware of the fact that they were fabrications, he could not use such conduct to relieve him of murder and reduce to manslaughter. But if he was informed of it and believed the statement, he would be entitled to defend as against murder on the charge of manslaughter, and as he believed the facts to be at the time of such action. The facts may have been false, but if he was unaware of their falsity but believed them, and so believing acted, it would be the same to him as if they were true.

By another bill it is shown while defendant was upon cross-examination, he was required to state, over many objections, that his wife in their marital relation at home was continually "nagging" at him, and that she upbraided him for his real or supposed intimacy with another woman and other women. This should not have been permitted. Communications and family turmoils of this sort between husband and wife are not the subject of investigation, unless brought out by the defendant, and especially so in this case, because these matters could not have entered into the killing of deceased. Appellant may have been derelict in his duty to his wife, and may have been intimate with other women, but that could not affect or be used to affect this case against him. The court sustained the objections, yet the answers were given and the examination pursued against the court's ruling. This was such error even from that viewpoint as constitutes reversible error. Bullington v. State, 80 Texas Crim Rep., 309; Dodd v. State, 82 Texas Crim. Rep., 139; Bullington v. State, 78 Texas Crim. Rep., 187; Vick v. State, 71 Texas Crim. Rep., 50; Faulkner v. State, 80 Texas Crim. Rep., 346.

It is shown on the motion for new trial that the jury, pending the trial, were permitted to visit the scene of the homicide and view the ground, its location and environments. None of the jurors were

placed upon the stand to disclose what they ascertained, but whatever they did ascertain from these visits were locked in their own breasts. It seems to be well settled that this character of conduct is not legally justifiable.  See Smith v. State, 42 Texas, 444; Bouldin v. State, 8 Texas Crim. App., 335; Riggins v. State, 42 Texas Crim. Rep., 474; People v. Bush, 68 Cal., 634.

There is a contention that the court's charge on self-defense placed a limitation under the facts not authorized by law.  The contention is based upon the idea that the court limited the right of self-defense by charging upon an abandonment of the difficulty by deceased.  Upon another trial the charge should be so guarded as not to convey this idea to the jury.  The doctrine of abandonment of the difficulty was not involved in the facts.  There were three shots fired as rapidly as they could be fired from a pistol.  The contention of the State was that as the last shot was fired deceased was in the act of turning, which placed his side to appellant when the last shot was fired. These facts and circumstances are too close together, too nearly connected by time, circumstances and rapidity to include the idea of abandonment.  So upon another trial the court will frame his charge so as not to impress the jury with the idea of abandonment of the difficulty by deceased.

Other questions urged should not arise upon another trial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*