### GEO. W. McNEAL V. THE STATE.

No. 10289.          Delivered October 27, 1926.

**1.—Assault to Rape—Change of Venue—Erroneously Refused.**

Where on a trial for rape, resulting in a conviction for an assault to rape, in support of a motion for a change of venue, appellant showed that his case had formerly been tried in Jefferson County, resulting in a conviction with the death penalty, and by more than forty witnesses that he could not get a fair trial in that county, together with other facts supporting his motion, the court erred in refusing him a change of venue. Following Stovall v. State, 97 Tex. Crim. Rep. 71.

**2.—Same—Argument of Counsel—Held Reversible Error.**

Where, on a trial for rape alleged to have been committed upon a little girl about eleven years of age, the prosecuting attorney in his argument to the jury complimented the father of the prosecutrix in permitting the law to deal with the case, instead of taking it summarily into his hands, such remarks being applauded by the people in the courtroom, this argument would require a reversal of the case.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for an assault, with intent to rape, penalty twenty-five years in the penitentiary.

This is the second appeal in this case.   The first appeal will be found in 274 S. W. 981.

The opinion states the case.

*David E. O'Fiel* and *Howth, Adams & Hart* of Beaumont, for appellant.   On improper argument, appellant cites:

Hughes v. State, 43 Tex. Crim. Rep. 511.

Sec. 57, page 294, Branch's Ann. P. C.

Hart v. State, 276 S. W. 233.

Parker v. State, 30 Tex. Crim. Rep. 123.

Manning v. State, 39 S. W. 118.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Jefferson County for the offense of assault with intent to rape, and his punishment assessed at 25 years in the penitentiary.

The appellant was convicted of assault with intent to rape upon a little girl about eleven years of age in the city of Beaumont.   This is the second appeal; the first will be found in 274 S. W. 981, where a sufficient statement of the facts is given.

On account of the voluminous nature of the record, we will not attempt to discuss specifically the many issues raised on this appeal, and the disposition we have made of this case precludes the necessity of discussing the complaints made by appellant to the refusal of the judge to allow him time for examination of the charge and filing of objections thereto, and to the refusal to allow him, when his motion for new trial was first set for hearing, to introduce the jurors subpoenaed to support his allegations as to the alleged misconduct of the jury, and his objections to the closing argument of the district attorney to the jury.

The appellant in due time filed his motion for change of venue, and in support thereof introduced about 42 witnesses, representative citizens of different vocations and from different sections of the county, all of whom, with the exception of about two or three, testified, in effect, to having heard this case discussed and that in their opinion, on account of same being pre-judged and the prejudice existing, the appellant could not get a fair and impartial trial in said county.   The appellant also introduced clippings from different daily papers published in said county carrying full accounts of the former trial of this

case, and one of said dailies, in particular, seems to have carried a detailed and minute account of every transaction that occurred during the trial, including the testimony of the witnesses, the statements of the court, the statements of the lawyers, the rulings of the court, and the verdict announcing the death penalty. It further appears that before the former trial, at the instance of the district judge, the appellant was moved from the jail in Beaumont and placed in the Harris County jail for his personal protection. The state contested the motion to change the venue and in rebuttal of the appellant's evidence introduced testimony from 20 witnesses, who testified, in effect, that in their opinion the appellant could get a fair trial in Jefferson County. However, it was disclosed on cross examination that some of the said witnesses did not know what the public sentiment was concerning this matter, and about fourteen of them testified on cross examination either that they based their opinions upon the character of the citizenship in Jefferson County, or admitted that they had heard the case discussed and that what they had heard was against the appellant. It further appears that after the court had overruled the motion to change the venue and counsel were proceeding to select a jury, out of 130 veniremen and talesmen, it developed that 60 were excused upon the grounds of being biased, prejudiced, or having opinions which would influence their verdict, and six more had formed opinions. As to others who were excused for other reasons, it was not developed from them as to what they had heard concerning the facts of the case. After the voir dire examination of the veniremen and talesmen, appellant renewed his motion to change the venue, which the court again overruled. In view of the fact that it is disclosed that the attendance upon the former trial was very large, and that appellant's punishment was fixed at death on that trial; and that during the argument of the District Attorney in the instant case, when he was, in effect, complimenting the father of the prosecutrix in permitting the law to deal with the case instead of taking it summarily into his hands, he was applauded from the courtroom; and, furthermore, in view of the enormity and seriousness of the charge against the appellant, in connection with the other matters herein discussed, we are forced to the conclusion that the trial judge was in error in overruling the application for a change of venue. The case of Stovall v. State, 97 Tex. Crim. Rep. 71, 260 S. W. 177, opinion by Judge Hawkins, wherein the facts were somewhat similar as to the condition of

public sentiment and as to the witnesses introduced, pro and con, on the motion to change the venue, is, we think, ample authority for the conclusion we have reached in the instant case.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.