## A. F. RHODES V. THE STATE.

### No. 10789.   Delivered April 27, 1927.

**Murder—Change of Venue—Erroneously Refused.**

Where, on a trial for murder, in a county containing only about 800 qualified jurors, it was shown on appellant's motion for a change of venue by all of the testimony introduced that the prevailing opinion in the county was that appellant was guilty, and ought to be punished, and that approximately one-half of the special venire summoned expressed themselves as having an opinion in the case, a change of venue should have been granted. See Faulkner v. State, 43 Tex. Crim. Rep. 311, and other cases cited.

Appeal from the District Court of Stonewall County.  Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of murder, penalty life in the penitentiary.

The opinion states the case.

*Stinson, Coombes & Brooks* of Abilene, for appellant.  On change of venue, appellant cites:   McNeal v. State, 288 S. W. 201; Stovall v. State, 260 S. W. 177.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of murder, and his punishment assessed at life imprisonment in the penitentiary.

The killing occurred in the town of Aspermont on Sunday afternoon.  The appellant was city marshal at the time of the killing, having been elected about three weeks prior thereto.  The killing grew out of appellant's attempt to arrest deceased for a minor infraction of the law.  At the time of the killing deceased had a lariat on one arm and a pocketknife in his hand.

The contention of the state was that deceased dropped his knife in response to appellant's order, and that appellant cursed deceased and told him he was going to kill him, and fired three shots, which resulted in the death of deceased.

Appellant defended on the ground of self-defense, his theory being that deceased had his knife in his hand at the time appellant fired the first and second shot and that before he shot deceased, deceased rushed toward appellant, and appellant believing he was in danger of serious bodily injury or death, shot deceased.

The court submitted the law of self-defense and manslaughter, in addition to that of murder.

There are no objections to the court's charge. We find in the record two bills of exception raising questions for our review.

The first bill complains of the action of the court in overruling appellant's application for change of venue.

Appellant, in support of his motion, introduced fifteen witnesses, representative citizens of the county, from different sections of the county, and from all walks of life—doctors, farmers, bankers, an ex-sheriff, a former jury commissioner, and a newspaperman, most of whom had resided in the county for a number of years. The state introduced five witnesses for the purpose of controverting appellant's application, one of whom was the present sheriff of the county. All of the witnesses, both for the appellant and for the state, stated they had heard the case discussed by numbers of people, citizens of the county, and that the prevailing opinion in the county was that appellant was guilty and ought to be punished. Some of the witnesses testified they believed appellant could get a fair and impartial trial in Stonewall County.

The sheriff of the county, W. B. Bingham, testified in behalf of the state that he believed the appellant could get a fair trial. On cross-examination, he testified as follows:

"I feel this way; he ought to go to the courthouse and be tried, and I feel that he is guilty and ought to be punished."

W. A. Springer, witness for the state, testified on direct examination: "I live in the town of Aspermont; I have lived here about twenty-two years," and on cross-examination testified as follows:

"I am pretty well acquainted all over the county; I am in the banking business. During the time I lived here I had occasion to meet a great many jurors in this county. I have heard expressions of opinion as to the guilt of Mr. Rhodes; all I have heard was that he was guilty. * * * If jurors are selected in the usual manner, in my opinion, it would be difficult for the defendant to get a fair and impartial trial in this county. I heard it discussed by people from most parts of the county. * * * There seemed to be a great deal of notoriety about the killing."

It appears in the record that immediately after the killing the appellant was moved from Stonewall County and placed in jail in another county for his personal protection; that a crowd, or mob, followed the sheriff a part of the way; and that Stonewall County only has about eight hundred qualified jurors.

The court's qualification of the bill discloses that a venire of

eighty men was drawn, three of whom were reported by the sheriff as "not found." Six were excused by counsel for the state and the appellant. Seventy-one answered to their names. Seven of these were excused by the court without objection. Sixty-four men were examined. Twenty-eight were challenged for cause. Out of the remaining thirty-six appellant challenged fifteen, thereby exhausting his challenges before the tenth juror was accepted. However, the court allowed appellant another challenge, and when the jury was finally completed appellant still had one peremptory challenge. Of the twenty-eight jurors challenged for cause, with the exception of two or three, every one stated he had an opinion as to the guilt or innocence of the appellant.

From the statements of the witnesses introduced, both in support of the motion and in contravention thereof, there is but one conclusion to draw, and that is that the case against the appellant was well known, and had been freely discussed throughout the county, and his guilt had been prejudged. Some of the witnesses testified that they believed appellant could get a fair and impartial trial in the county, but all of them testified that the prevailing opinion was that the appellant was guilty, some of them adding, and ought to be punished.

In the case of Faulkner v. State, 43 Tex. Crim. Rep. 311, 65 S. W. 1093, we find the following:

"If fair trial by jury, as guaranteed by the constitution, be of any worth, what bides it, or of what avail is it, if a citizen charged with burning a fellow man is to be tried by a jury composed of men who have heard all about the offense, and who believe he is guilty and ought to be hanged, and yet believe—no doubt honestly—that they can give defendant a fair and impartial trial? Prejudice is a sinister quality. It may possess a man and he not be aware of it; or, being aware of it, he may purposely conceal it, in order that he may vent his revenge. In according a change of venue our statutes wisely provide against that prejudice which may creep into the jury box. It is intended to avoid, as far as possible, the impanelment of even one prejudiced juror; and our decisions proceed upon the idea that, where a crime, on account of its atrocity, has become notorious, and the prevailing sentiment in the community is that the party charged with the offense is guilty, he is entitled to a change of venue."

In view of the fact that the testimony, both for the appellant and for the state, bearing upon the question of change of venue, shows that the prevailing opinion in the county was that the appellant was guilty and ought to be punished, and also in view

of the fact that the number of jurors in said county was limited, and that approximately one-half of the special venire summoned expressed themselves as having an opinion in the case, we are forced to the conclusion that the trial judge was in error in overruling the application for change of venue. Faulkner v. State, 43 Tex. Crim. Rep. 311, 65 S. W. 1093; Stovall v. State, 97 Tex. Crim. Rep. 71, 260 S. W. 177; McNeal v. State, 288 S. W. 201.

The matter complained of in the second bill of exception ought not to have occurred. Feeling sure that it will not be permitted in another trial, we are pretermitting a further discussion of same. See Faulkner v. State, 43 Tex. Crim. Rep. 311, 65 S. W. 1093; Riggins v. State, 42 Tex. Crim. Rep. 472, 60 S. W. 877.

For the error pointed out above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Appeals and approved by the Court.