**UNITED STATES of America, Appellee,**

v.

**Michael F. DAVIS, Appellant.**

**No. 96–3024.**

United States Court of Appeals, District of Columbia Circuit.

Decided Oct. 17, 1997.

---

**8.** With respect to the Bender Defendants, the district court has held upon reconsideration that it will require the FDIC to submit a motion for attorneys' fees that "specifically addresses the reasonableness of the fifteen percent provision." Given the congruence of the issues in this case, it would not be inappropriate for the district court to conduct proceedings with respect to Van Dorn Retail and/or Bender in the same manner.

Robert A. DeBerardinis, Jr. was on the briefs for appellant.

Eric H. Holder, Jr., U.S. Attorney at the time the brief was filed, and John R. Fisher, Thomas J. Tourish, Jr., Steven D. Mellin and Mary–Patrice Brown, Assistant U.S. Attorneys, Washington, DC, were on the brief for appellee.

Before: SILBERMAN, ROGERS, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GARLAND.

GARLAND, Circuit Judge:

A U.S. Park Police officer stopped defendant Michael Davis as he was leaving Hains Point Park in Washington, D.C., in a car with a cracked windshield. After Davis made repeated movements toward the underside of the driver's seat, the officer ordered him to put his hands on the steering wheel. When Davis nonetheless continued to reach under the seat, the officer asked him to step out of the car. A search under the seat produced a bag containing more than 50 grams of crack cocaine, and Davis was charged with, and ultimately convicted of, possession with intent to distribute cocaine base.

Defendant's appellate counsel cites three alleged errors that his trial counsel apparently did not perceive. We do not see them either. Although trial counsel's failure to object would render these complaints subject to review only for plain error, see Fed. R.Crim.P. 52(b), the standard of review is not significant because we find the district court did not commit any error at all.

I

■ Defendant first objects to an out-of-court viewing of the car's cracked windshield, conducted by the district court in order to determine the validity of defendant's claim that no "reasonable [police] officer could have seen the crack in the windshield before he stopped defendant's car," *United States v. Davis*, 905 F.Supp. 16, 18 (D.D.C.1995). Defendant does not attack the viewing itself, but rather questions its verisimilitude, claiming that the judge improperly viewed the car from 30 feet, rather than from 50 feet, the distance from which the police officer viewed Davis' car at the time of the stop. Defendant may well have waived this objection altogether, as not only did his counsel not object to the conditions of the viewing, but he arranged them, *id.* at 18; 11/9/95 Tr. at 109, 134, 139–40. In any event, there is no merit to this objection, as the judge made clear that he understood the difference between the 30– and 50–foot viewing distances, and that he took it into account in drawing his conclusions, *Davis*, 905 F.Supp. at 18; 11/13/95 Tr. at 2. *See United States v. Gaskell*, 985 F.2d 1056, 1060 (11th Cir.1993) (conditions of demonstration must afford a fair comparison, but need not be identical to those of the actual event).

II

■ Second, defendant objects on Sixth Amendment grounds to the district court's refusal to permit cross-examination of the arresting Park Police officer as to whether he had filed job applications for drug-investigator positions. Defendant asserts that he was trying to prove the officer's bias—i.e., that the officer wanted to make drug arrests in order to make his job applications more competitive—and that the refusal to permit such cross-examination violated his Sixth Amendment right to confront the witnesses against him.

■ The Sixth Amendment does not require a trial court to permit unlimited cross-examination by defense counsel, but does require the court to give a defendant a "realistic opportunity to ferret out a potential source of bias." *United States v. Derr*, 990 F.2d 1330, 1334 (D.C.Cir.1993). *See Delaware v. Van Arsdall*, 475 U.S. 673, 678–80, 106 S.Ct. 1431, 1434–35, 89 L.Ed.2d 674 (1986). The test for a violation is whether "[a] reasonable jury might have received a

significantly different impression of [the witness'] credibility had [defense] counsel been permitted to pursue his proposed line of cross-examination." *Van Arsdall,* 475 U.S. at 680, 106 S.Ct. at 1436.

In this case, the court did not bar all inquiry concerning the officer's potential bias. To the contrary, it permitted considerable cross-examination attacking the officer's credibility in general, *see, e.g.,* 11/14/95 P.M. Tr. at 53–68, as well as questioning apparently intended to support defense counsel's primary line of attack regarding bias: an allegation that the officer was biased because of a desire to improve his career standing by making numerous drug arrests, 11/14/95 P.M. Tr. at 67–68, 71; *see also* 11/14/95 A.M. Tr. at 16–17 (opening statement of defense theory). The court excluded only a secondary elaboration on this line of attack—that the officer's desire to improve his career standing included a further desire to improve his chances to change jobs.

We agree with the government's characterization of the truncated line of questioning as "only marginally relevant." We cannot conclude that with further questioning along this line, "[a] reasonable jury might have received a significantly different impression of [the witness'] credibility," *Van Arsdall,* 475 U.S. at 680, 106 S.Ct. at 1436. Indeed, we cannot determine whether such questioning would have left the jury with *any* impression at all, since defense counsel made no proffer, and there is no evidence in the record, to suggest that the officer ever filed such job applications. *Cf. United States v. Martinez,* 776 F.2d 1481, 1485–86 (10th Cir. 1985) (in light of defendant's failure to make a record of what he would have shown on cross-examination, the court has no way to determine whether there was an abuse of discretion). Accordingly, we cannot find that the district court committed constitutional error in limiting cross-examination.

### III

■ Finally, defendant objects to what he characterizes as improper "lay opinion" testimony rendered at trial by his friend, Aristede Rivers. Rivers was leaving Hains Point in a separate car, ahead of the defendant, when he was pulled over by another officer for running a stop sign. On direct examination, Rivers admitted that when stopped, he falsely denied knowing the defendant—even though the officer had not told him that drugs had been found in Davis' car. Davis argues that this amounted to testimony that it was Rivers' "opinion" or "inference" that Davis had drugs in his car, in contravention of the limits on lay opinion testimony in Fed.R.Evid. 701.

■■ Rule 701 imposes limits only upon lay testimony that is "in the form of" opinions or inferences. Defendant's characterization of his friend's testimony here as constituting his "opinion" or "inference" is unpersuasive. Rivers neither was asked for, nor gave, an opinion on the question whether his friend had drugs in the car. Nor did he testify as to any inference he might have made regarding Davis' possession of the drugs. Rivers merely conceded the fact that he had lied about not knowing Davis. Although Rule 701 imposes limits on a *witness'* testimony about his inferences, it does not restrain the *jury* itself from drawing them. It is conceivable that the jury could have inferred from Rivers' desire to put distance between Davis and himself that Rivers, who had been at the park with Davis and was leaving simultaneously, knew his friend had drugs in his car and did not want to be connected to them. This would be a weak inference, but not an illogical one, and Rule 701 does not bar the jury from making it.

■ Defendant's trial counsel not only did not object to Rivers' testimony, but he had Rivers retestify to it on cross-examination. Counsel apparently did this for the purpose of supporting the defense's own theory that it was Rivers, not defendant, who put the narcotics under the seat. 11/15/95 Tr. at 111–12. The elicitation by the defense of the very testimony now challenged, not merely to make the best of a bad situation but rather for its own affirmative purposes, is an independent reason for finding no error in the content of Rivers' testimony. *Cf. United States v. Barela,* 973 F.2d 852, 855 (10th Cir.1992) (defendant "cannot complain on ap-

peal about evidence that he himself used in his defense"), *cert. denied,* 506 U.S. 1069, 113 S.Ct. 1021, 122 L.Ed.2d 167 (1993).

As we find no merit in any of Davis' allegations of error, we affirm the judgment of conviction.