Jose **MAURICIO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–02–00549–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 2003.

David S. Barron, Bryan, for appellant.

Douglas Howell III, Bryan, for appellee.

Panel consists of Chief Justice BRISTER and Justices YATES and HUDSON.

## OPINION

SCOTT BRISTER, Chief Justice.

Appellant Jose Mauricio was convicted of possessing between four and two hundred grams of cocaine with intent to deliver it. The jury assessed punishment at twenty years in prison and a $10,000.00 fine. The question presented is whether the trial court erred in granting the State's request for a jury view of how the arresting officer checked his patrol car for contraband. Current law requires us to hold this was error, but we affirm because the error was harmless.

Appellant was arrested when he fled from police during a traffic stop. After he was taken to jail, the arresting officer found six individually-wrapped bags of cocaine beneath the backseat of his patrol car. The officer testified he routinely checked the backseat for hidden contraband, both at the start of his shift and after transporting anyone. Because the cocaine had not been under the seat before the arrest, appellant was charged with possession of a controlled substance.

■ The State requested permission to show jurors how the officer removed the backseat and conducted his inspection. As the vehicle could not be driven into the courtroom, the State asked to conduct the demonstration in an adjacent parking lot. The trial judge agreed; in his sole issue, appellant argues this was error.[1]

---

1. Appellant asserts in the same point that the jury view should have been denied because the probative value to be gained was substantially outweighed by the danger of unfair prejudice and of misleading the jury. *See* TEX.R. EVID. 403. But his brief includes no argument or explanation why the demonstration the jury saw was unfairly prejudicial or misleading, so appellant has waived error as to Rule 403. *See* TEX.R.APP. P. 38.1(h) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Murchison v. State*, 93 S.W.3d 239, 251 (Tex.App.-Houston [14th Dist.] 2002, pet. filed).

### Jury Views

█ Jury views have long been disfavored in criminal trials in Texas; indeed, Texas courts appear to look upon them with peculiar horror. The Court of Criminal Appeals has "denounced" them,[2] "condemned" them,[3] and declared them "not legally justifiable."[4] While trial judges are said to have discretion to grant them,[5] it is hard to see how many would dare.

But what is so wrong with allowing jurors to see what the lawyers are talking about? Clearly, trial judges should not ask jurors to "travel around over the country, receiving evidence by sight alone, and which they might discuss without the knowledge of appellant."[6] But trial judges exercising discretion may reject jury views involving inconvenience and delay, especially if quicker and cheaper alternatives such as photographs are available.[7] And jurors are already allowed to see photographs of a crime scene,[8] videotaped re-enactments,[9] and recordings of out-of-court experiments,[10] even though they might see something in them (or in any other evidence for that matter) the attorneys have missed.

Other cases express concern that what jurors see during a jury view cannot be reflected in the record for appellate review.[11] In *Smith v. State*,[12] the Supreme Court of Texas (shortly before it lost criminal jurisdiction) reversed a conviction for theft of a pig on this basis. Although noting that both complainant and accused proved so "intimate an acquaintance with the sow and her history" as to make ownership a close question,[13] the Court nevertheless held it error to bring the pig to town for jurors to view, as she could not be reviewed on appeal.[14]

While we share the high court's concern about filing livestock, we note that jurors see many things during trial that are reflected in our appellate record only if someone describes them for us. In this case, appellant complains of a number of differences (discussed below) that allegedly made the jury view unfair, but there is no argument on appeal that our record is inadequate to conduct an effective appellate review.

In this case, the State could have offered a pretrial videotape of the officer's demonstration. Or the patrol car could have been chopped up and relevant parts brought into the courtroom. But both of these alternatives would have been more expensive and time-consuming than the

**2.** *Jones v. State*, 843 S.W.2d 487, 499 (Tex. Crim.App.1992), *overruled on other grounds by Maxwell v. State*, 48 S.W.3d 196, 200 (Tex. Crim.App.2001).

**3.** *Abell v. State*, 109 Tex.Crim. 380, 5 S.W.2d 139, 141 (1928).

**4.** *Lovett v. State*, 87 Tex.Crim. 548, 223 S.W. 210, 211 (1920).

**5.** *See Jones*, 843 S.W.2d at 499.

**6.** *Fate v. State*, 73 Tex.Crim. 278, 164 S.W. 1018, 1019 (1914).

**7.** *See Martinez v. State*, No. B14–88–00893–CR, 1990 WL 101301, at *3 (Tex.App.-Houston [14th Dist.] Jul. 19, 1990, no pet.) (not designated for publication) (finding no abuse

of discretion to deny jury view of crime scene as photographs of it were admitted).

**8.** *See Williams v. State*, 958 S.W.2d 186, 195 (Tex.Crim.App.1997).

**9.** *See Miller v. State*, 741 S.W.2d 382, 388 (Tex.Crim.App.1987).

**10.** *See Ginther v. State*, 672 S.W.2d 475, 476 (Tex.Crim.App.1984).

**11.** *See Riggins v. State*, 42 Tex.Crim. 472, 60 S.W. 877, 877 (1901).

**12.** 42 Tex. 444 (1875).

**13.** *Id.* at 446.

**14.** *Id.* at 448.

simple expedient adopted by the trial court.

In most American courts, jury views are discretionary.[15] Modern authorities view the idea of allowing jurors out of the courtroom with considerably less horror than Texas authorities appear to.[16] The federal courts allow trial judges to exercise such discretion, often on facts quite similar to those involved here.[17]

Nevertheless, it is not our role to make changes in Texas law.[18] We do not agree with the State's claim that this was a "demonstration" and not a "jury view."[19] Accordingly, we must find the trial court erred in allowing the jurors out-of-doors.

### Harm Analysis

■ A jury view is not automatic grounds for reversal.[20] Because this error is not constitutional, we must affirm if there is fair assurance it had slight or no influence on the jury.[21]

Before the jury view took place, the arresting officer here described in detail his search of the backseat before and after appellant's arrest. There was no objection to this testimony, so the later visual demonstration of what he had already said was harmless.[22]

The record contains a transcript of what the arresting officer said both inside and outside the courtroom. The jury was outside the courtroom for less than five minutes, and everyone (defense counsel, State's attorney, appellant, court reporter, and trial judge) accompanied them. Just before leaving the courtroom, the trial judge instructed jurors they were leaving the courtroom for the limited purpose of seeing the demonstration of a procedure.

Appellant argues he was harmed by the jury view for five reasons:

---

**15.** *Martinez v. State*, No. B14–88–00893–CR, 1990 WL 101301, at *3 (Tex.App.-Houston [14th Dist.] 1990, no pet.) (not designated for publication) (citing 23A C.J.S. Criminal Law Sec. 1156 (1989)).

**16.** *See United States v. Gray*, 199 F.3d 547, 548–49 (1st Cir.1999) (citing *McCormick on Evidence* § 216, at 29 (5th ed.1999) (the "preferable" position is that a view is "evidence like any other")); 22 Charles Alan Wright & Kenneth W. Graham Jr., *Federal Practice and Procedure* § 5176, at 141 (1978) ("The notion that a view is not 'evidence' has been discredited by the writers, and explicitly rejected by one modern code"); 2 Joseph McLaughlin, ed., *Weinstein's Federal Evidence* § 403.07[4] (2d ed.1999) ("[T]he modern position is that the view does provide independent evidence"); 4 John Henry Wigmore, *Wigmore on Evidence* § 1168, at 391, 388 (1972) (referring to the "unsound theory" that a view "does not involve the consideration of evidence by the jury" and noting that "it has in most jurisdictions been repudiated"). *Cf.* John M. Maguire, *Cases and Materials on Evidence* 141 (1973) (noting that courts are divided on the question but not taking a position).

**17.** *See Gray*, 199 F.3d at 548–49 (allowing jurors to view defendant's escape route);

*United States v. Davis*, 127 F.3d 68, 70 (D.C.Cir.1997) (finding no error in trial judge's decision to allow jurors to view defendant's vehicle in courthouse parking lot).

**18.** *See State ex rel. Wilson v. Briggs*, 171 Tex. Crim. 479, 351 S.W.2d 892, 894 (1961).

**19.** A jury view occurs when the jury "venture[s] forth to observe places or objects which are material to litigation but which cannot feasibly be brought, or satisfactorily reproduced, within the courtroom." *McCormick on Evidence*, § 216, at 537 (2d Ed.1972).

**20.** *See Abell v. State*, 109 Tex.Crim. 380, 5 S.W.2d 139, 141 (1928) (holding that jury view of the homicide scene was harmless error).

**21.** *See* Tex.R.App. P 44.2(b); *Hayes v. State*, 85 S.W.3d 809, 816 (Tex.Crim.App.2002).

**22.** *See Reyes v. State*, 84 S.W.3d 633, 638 (Tex.Crim.App.2002) (finding any error in admission of evidence harmless if cumulative of evidence admitted elsewhere without objection).

*It was during the day, while the search was at night.* The trial judge specifically prohibited the State from asking the officer to indicate where he saw the cocaine. Appellant does not explain why the procedure for removing the backseat varied with the lighting.

· *The same patrol car was used.* Again, appellant does not explain why assuring similitude harmed him.

· *The arresting officer testified outdoors.* The trial court had the court reporter record everything that was said during the jury view. The outdoors testimony did not differ from what was said in court.

· *It was central to the State's case.* The officer's testimony was certainly critical, but the jury view itself was cumulative.

· *It was in the courthouse parking lot rather than where the search occurred.* This was done at appellant's insistence, so it was not error.[23]

We find appellant's arguments that the jury view harmed him are without merit. The record does not suggest the arresting officer's demonstrative testimony had a substantial and injurious effect or influence in determining the jury's verdict.[24]

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

**23.** *See Heidelberg v. State,* 36 S.W.3d 668, 671 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (explaining doctrine of invited error).

**24.** *See Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim.App.2001); *Abell,* 5 S.W.2d at 141.