Affirmed and Opinion filed May 8, 2003















Affirmed and
Opinion filed May 8, 2003.                                                          

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00549-CR 


____________

 

JOSE MAURICIO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 272nd District Court

                                                            Brazos
 County, Texas                        

Trial Court Cause
No. 29,233F-272




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I O N

            Appellant Jose Mauricio was
convicted of possessing between four and two hundred grams of cocaine with
intent to deliver it.  The jury assessed
punishment at twenty years in prison and a $10,000.00 fine.  The question presented is whether the trial
court erred in granting the State’s request for a jury view of how the
arresting officer checked his patrol car for contraband.  Current law requires us to hold this was
error, but we affirm because the error was harmless.  








            Appellant was arrested when he fled
from police during a traffic stop.  After
he was taken to jail, the arresting officer found six individually-wrapped bags
of cocaine beneath the backseat of his patrol car.  The officer testified he routinely checked
the backseat for hidden contraband, both at the start of his shift and after
transporting anyone.  Because the cocaine
had not been under the seat before the arrest, appellant was charged with
possession of a controlled substance.

            The
State requested permission to show jurors how the officer removed the backseat
and conducted his inspection.  As the
vehicle could not be driven into the courtroom, the State asked to conduct the
demonstration in an adjacent parking lot. 
The trial judge agreed; in his sole issue, appellant argues this was
error.[1] 

Jury Views

Jury views
have long been disfavored in criminal trials in Texas; indeed, Texas courts
appear to look upon them with peculiar horror. 
The Court of Criminal Appeals has “denounced” them,[2]
“condemned” them,[3]
and declared them “not legally justifiable.” [4]  While trial judges are said to have
discretion to grant them,[5] it
is hard to see how many would dare.

But what is
so wrong with allowing jurors to see what the lawyers are talking about?  Clearly, trial judges should not ask jurors
to “travel around over the country, receiving evidence by sight alone, and
which they might discuss without the knowledge of appellant.”[6]  But trial judges exercising discretion may
reject jury views involving inconvenience and delay, especially if quicker and
cheaper alternatives such as photographs are available.[7]  And jurors are already allowed to see
photographs of a crime scene,[8]
videotaped reenactments,[9]
and recordings of out-of-court experiments,[10]
even though they might see something in them (or in any other evidence for that
matter) the attorneys have missed.  

Other cases
express concern that what jurors see during a jury view cannot be reflected in
the record for appellate review.[11]  In Smith
v. State,[12]
the Supreme Court of Texas (shortly before it lost criminal jurisdiction)
reversed a conviction for theft of a pig on this basis.  Although noting that both complainant and
accused proved so “intimate an acquaintance with the sow and her history” as to
make ownership a close question,[13]
the Court nevertheless held it error to bring the pig to town for jurors to
view, as she could not be reviewed on appeal.[14]

While we
share the high court’s concern about filing livestock, we note that jurors see
many things during trial that are reflected in our appellate record only if
someone describes them for us.  In this
case, appellant complains of a number of differences (discussed below) that
allegedly made the jury view unfair, but there is no argument on appeal that
our record is inadequate to conduct an effective appellate review.

In this
case, the State could have offered a pretrial videotape of the officer’s
demonstration.  Or the patrol car could
have been chopped up and relevant parts brought into the courtroom.  But both of these alternatives would have
been more expensive and time-consuming than the simple expedient adopted by the
trial court.

In most
American courts, jury views are discretionary.[15]  Modern authorities view the idea of allowing
jurors out of the courtroom with considerably less horror than Texas
authorities appear to.[16]  The federal courts allow trial judges to
exercise such discretion, often on facts quite similar to those involved here.[17]

Nevertheless,
it is not our role to make changes in Texas law.[18]  We do not agree with the State’s claim that
this was a “demonstration” and not a “jury view.”[19]  Accordingly, we must find the trial court
erred in allowing the jurors out-of-doors.

Harm
Analysis

A jury view
is not automatic grounds for reversal.[20]  Because this error is not constitutional, we
must affirm if there is fair assurance it had slight or no influence on the
jury.[21]  

            Before the jury view took place, the
arresting officer here described in detail his search of the backseat before
and after appellant’s arrest.  There was
no objection to this testimony, so the later visual demonstration of what he
had already said was harmless.[22]  

The record
contains a transcript of what the arresting officer said both inside and outside
the courtroom.  The jury was outside the
courtroom for less than five minutes, and everyone (defense counsel, State’s
attorney, appellant, court reporter, and trial judge) accompanied them.  Just before leaving the courtroom, the trial
judge instructed jurors they were leaving the courtroom for the limited purpose
of seeing the demonstration of a procedure. 


            Appellant argues he was harmed by
the jury view for five reasons:

·     It was during the day,
while the search was at night.  The
trial judge specifically prohibited the State from asking the officer to
indicate where he saw the cocaine. 
Appellant does not explain why the procedure for removing the backseat
varied with the lighting.  

·     The same patrol car was
used.  Again, appellant does not
explain why assuring similitude harmed him. 


·     The arresting officer
testified outdoors.  The trial court
had the court reporter record everything that was said during the jury
view.  The outdoors testimony did not
differ from what was said in court.

·     It was central to the
State’s case.  The officer’s
testimony was certainly critical, but the jury view itself was cumulative.

·     It was in the courthouse
parking lot rather than where the search occurred.  This was done at appellant’s insistence, so
it was not error.[23]

We find
appellant’s arguments that the jury view harmed him are without merit.  The record does not suggest the arresting
officer’s demonstrative testimony had a substantial and injurious effect or
influence in determining the jury’s verdict.[24]  

 

 

 

 

Accordingly,
we overrule appellant’s sole issue and affirm the trial court’s judgment.  

 

                                                                        /s/        Scott Brister

Chief Justice

 

 

Judgment rendered and Opinion filed May 8, 2003.

Panel consists of Chief Justice Brister and Justices
Yates and Hudson.

Publish — Tex.
R. App. P. 47.2(b).

 

 











[1]
Appellant asserts in the same point that the jury view should have been denied
because the probative value to be gained was substantially outweighed by the
danger of unfair prejudice and of misleading the jury.  See Tex. R. Evid. 403.  But
his brief includes no argument or explanation why the demonstration the jury
saw was unfairly prejudicial or misleading, so appellant has waived error as to
Rule 403.  See Tex. R. App. P. 38.1(h)
(requiring appellant’s brief to “contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record”);
Murchison v. State, 93 S.W.3d 239,
251 (Tex. App.—Houston [14th Dist.]
2002, pet. filed).  





[2]
Jones v. State, 843 S.W.2d 487, 499
(Tex. Crim. App. 1992), overruled on other grounds by Maxwell v. State, 48 S.W.3d 196, 200
(Tex. Crim. App. 2001).





[3]
Abell v. State, 5 S.W.2d 139, 141 (Tex. Crim. App. 1928).





[4]
Lovett v. State, 223 S.W. 210, 211
(Tex. Crim. App. 1920).





[5]
See Jones, 843 S.W.2d at 499.





[6]
Fate v. State, 164 S.W. 1018, 1019
(Tex. Crim. App. 1914).





[7]
See Martinez v. State, No. B14-88-00893-CR, 1990 WL
101301, at *3 (Tex.App.—Houston
[14th Dist.] Jul. 19, 1990,
no pet.) (not designated for publication) (finding no abuse of discretion to
deny jury view of crime scene as photographs of it were admitted). 





[8]
See Williams v. State, 958 S.W.2d
186, 195 (Tex. Crim. App. 1997).





[9]
See Miller v. State, 741 S.W.2d 382,
388 (Tex. Crim. App. 1987).





[10]
See Ginther v.
State, 672 S.W.2d 475, 476 (Tex. Crim. App. 1984).





[11]
See Riggins v. State, 60 S.W. 877,
877 (Tex. Crim. App. 1901).





[12]
42 Tex. 444 (1874).





[13]
Id.
at 446.





[14]
Id.
at 448.





[15]
Martinez v. State, No. B14-88-00893-CR, 1990 WL
101301, at *3 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (not designated
for publication) (citing 23A C.J.S. Criminal Law Sec. 1156 (1989)).





[16] See United States v. Gray, 199
F.3d 547, 548–59 (1st Cir. 1999) (citing McCormick on Evidence § 216, at 29 (5th ed. 1999) (the “preferable”
position is that a view is “evidence like any other”));  22 Charles Alan Wright & Kenneth W.
Graham Jr., Federal Practice and
Procedure § 5176, at 141 (1978) (“The notion that a view is not ‘evidence’
has been discredited by the writers, and explicitly rejected by one modern
code”); 2 Joseph McLaughlin, ed., Weinstein’s
Federal Evidence § 403.07[4] (2d ed. 1999) (“[T]he modern position is that
the view does provide independent evidence”);  
4 John Henry Wigmore, Wigmore on Evidence § 1168, at 391, 388 (1972) (referring to the “unsound
theory” that a view “does not involve the consideration of evidence by the
jury” and noting that “it has in most jurisdictions been repudiated”).  Cf.
John M. Maguire, Cases and Materials on
Evidence 141 (1973) (noting that courts are divided on the question but not
taking a position). 





[17] See Gray, 199 F.3d at 548–59 (allowing jurors to view defendant’s escape route); United States v. Davis, 127 F.3d 68, 70
(D.C. Cir. 1997) (finding no error in trial judge’s decision to allow jurors to
view defendant’s vehicle in courthouse parking lot). 





[18]
See State ex rel. Wilson v. Briggs, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961).





[19]
A jury view occurs when the jury
“venture[s] forth to observe places or objects which are material to litigation
but which cannot feasibly be brought, or satisfactorily reproduced, within the
courtroom.”  McCormick on Evidence, § 216, at 537 (2d Ed.1972).





[20] See Abell v. State, 5 S.W.2d 139, 141 (Tex. Crim. App. 1928) (holding that jury view of the homicide
scene was harmless error).





[21] See Tex. R. App. P 44.2(b); Hayes v. State, 85 S.W.3d 809, 816 (Tex. Crim. App. 2002).





[22]
See Reyes v. State, 84 S.W.3d 633,
638 (Tex. Crim. App. 2002) (finding any error in
admission of evidence harmless if cumulative of evidence admitted elsewhere
without objection).





[23]
See Heidelberg v. State, 36 S.W.3d 668, 671 (Tex.
App.—Houston [14th Dist.] 2001, no
pet.) (explaining doctrine of invited error).





[24]
See Johnson v. State, 43 S.W.3d 1, 4
(Tex. Crim.
App. 2001); Abell,
5 S.W.2d at 141.