Appellant was convicted in the District Court of Llano County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.
The indictment contained three counts, one charging the sale, one *Page 318 
the furnishing, and the other the delivering of intoxicating liquor. All three counts were submitted in the charge of the learned trial court, but under instructions to state in their verdict of which count the jury found the accused to be guilty, if any, the verdict found him guilty under the first count.
Appellant, among other things, complains of the lack of sufficient evidence, but as we read the record it abundantly shows a sale by him of whisky, and also that such liquor was intoxicating.
A bill of exceptions complains because the State asked one of its witnesses if he did not make a certain statement before the grand jury to which the witness answered that he did. When objection was made to this question and answer, the State's attorney replied that he was offering said testimony for the purpose of impeaching the witness. There are circumstances in which a party may impeach his own witness, and in order to make such action appear erroneous the bill of exceptions complaining thereof must affirmatively show that the party so impeached has not given testimony hurtful to the side offering him. The bill of exceptions presenting appellant's objection in this regard nowhere shows that said witness had not given testimony hurtful to the State's case. In this condition of the record no error would appear.
Complaint is made of the admission of testimony from witnesses Watkins and Kendrick of the fact that they tasted the contents of a bottle of whisky on the evening of December 26, 1921, near a certain school house in the town of Llano. The objection to this testimony was that it was out of the presence of the accused and after the alleged sale of the liquor and that it had no connection with the transaction charged. There is nothing in either bill of exceptions to show that such objections were in fact well founded. An examination of the record reveals the fact that the bottle of whisky referred to by said witnesses was the same as that bought from appellant in the transaction charged herein. Inasmuch as the question as to whether the contents of said bottle was intoxicating liquor or whisky, was vital to the issue before the jury, testimony as to the contents of said bottle and the manner in which the witnesses acquired their knowledge of its contents, would be admissible whether acquired in the presence of the defendant or not.
After the evidence was closed appellant made a motion to require the State to elect upon which count it would go to the jury. The motion was overruled and complaint is made of this action. As stated above, the three counts in the indictment were of such form as that they might relate to the same transaction, and be but kindred offenses arising therefrom. It is easy to understand how delivering, furnishing and selling intoxicating liquor might be charged and all be founded upon the same transaction. In Sec. 444 of his Annotated P.C., Mr. Branch cites many cases supporting the proposition that if *Page 319 
only one transaction or act is charged and different counts are contained in the indictment to meet the possible phases that the testimony may assume, the State will not be required to elect between such counts. Appellant cites Todd v. State,89 Tex. Crim. 99, 229 S.W. Rep., 515 and Knott v. State,93 Tex. Crim. 239, 247 S.W. Rep., 520. The Todd case had reference to an indictment wherein a number of offenses were charged in one count, and the Knott case where the verdict adjudged the accused guilty of more than one felony. We do not quite get the application of either to the principle here involved. The kindred offenses were charged in separate counts, and the verdict found the accused guilty under only one of them.
What we have just said disposes of the matter complained of in bill of exceptions No. 5. The court properly submitted to the jury in his charge the three kindred offenses laid in separate counts in the indictment, instructing them that they could find the appellant guilty of but one.
This disposes of the matters contained in appellant's bills of exception, and finding no error an affirmance must be ordered.
Affirmed.
 ON REHEARING. April 30, 1924.