## J. O. Kile v. The State.

### No. 10134.   Delivered March 9, 1927.

**1.— Possessing Intoxicating Liquor — Charge of Court — Submitting Two Counts—Held Proper.**

Where the indictment in two counts charged "transportation" and "possession for the purpose of sale," and the evidence disclosed but one transaction, the state was not required to elect as between the counts, and there was no error in submitting both counts in the charge to the jury, directing them in the event of a conviction to specify upon which count they convicted.

**2.—Same—Evidence—Harmless, if Error.**

Where an officer was asked what they did when they saw the accused, and replied, "We had a warrant for him on an adultery charge," and the court promptly instructed the jury not to consider such answer for any purpose, no error is shown, and especially not in view of the fact that the appellant testified to the same effect on his direct examination.

**3.—Same—Evidence—Jury to Visit Scene—Not Proper Practice.**

Where appellant requested that the jury be permitted to visit the scene of the transaction to determine for themselves whether the witnesses could have seen what they claimed to have observed, the request was properly refused.   The practice of permitting the jury to view the place where the crime was committed, is not sanctioned in this state.   See Riggins v. State, 42 Tex. Crim. Rep. 472, and other cases cited.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one and one-half years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment being one and one-half years in the penitentiary.

Officers had a warrant for appellant's arrest.   They met him on the road, turned their car around, followed and overtook him. He had stopped his car when they reached him.   One of the officers saw him throw a package over the fence into a pasture. Another officer saw him returning to his car.   Upon investiga-

tion, a carton containing four unbroken quart bottles of Canadian Club whiskey and four broken quart bottles were found where the package was thrown by appellant. Appellant denied having thrown it there and disclaimed any connection with it. The evidence supports the judgment.

The indictment contained two counts, the first charging "transportation," the second "possession for the purpose of sale." Both counts were submitted to the jury. The only transaction under investigation was appellant's connection with the package of liquor which it was claimed he had thrown over the fence. Under the facts, no reversible error was committed in refusing to require the state to elect as between the counts nor in submitting both counts for the jury's consideration. The court directed the jury, in the event of conviction, to specify upon which count they convicted. The verdict and judgment are restricted to the count charging possession.

One of the officers was asked what they did when they saw accused, to which he replied, "We had a warrant for him on an adultery charge." Upon request the court immediately instructed the jury that this had nothing to do with the present case and that they should not consider the answer of the officer for any purpose whatever. This prompt action of the court relieved the incident of any serious consequences. But if this were otherwise appellant is not in a position to complain, because he put the same fact in evidence by testifying on direct examination that when the officers told him they had a warrant for him he asked what it was for and they informed him it was upon a charge of adultery.

No error was committed in bringing before the jury the whiskey found by the officers.

Appellant requested that the jury be permitted to visit the scene of the transactions described by the witnesses to determine for themselves whether the witnesses could have seen what they claimed to have observed. The request was refused. The practice of permitting the jury to view the place where the crime was committed is not allowed in this state. Riggins v. State, 42 Tex. Crim. Rep. 472, 60 S. W. 877; Fate v. State, — Tex. Crim. Rep. —, 164 S. W. 1018; Lovett v. State, 87 Tex. Crim. Rep. 548, 223 S. W. 210.

Finding no errors which call for a reversal, the judgment is affirmed.

*Affirmed.*