EARL WATTS v. THE STATE.

No. 11709. Delivered May 30, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

*J. Lee Cearly* of Cisco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, three years in the penitentiary.

Appellant was charged in an indictment containing two counts, one for the transportation of intoxicating liquor, and the other for the possession of same for purposes of sale. The verdict and judgment were specifically for the transportation of such liquor. Appellant moved the court to require the State to elect upon which count in the indictment it would rely for a conviction. The motion was overruled, and this action of the court is here attacked. Appellant cites Smith v. State, 90 Texas Crim. Rep. 273, which is not in point because the facts in that case are totally different from the facts here. In the case before us the transportation and possession involved the same transaction, and testimony pertinent to one was also material to the other. The court told the jury in his charge that if they found appellant guilty, they must state in their verdict of

which count he was so found. The action of the court in declining to require the State to elect is upheld in many cases. Huffhines v. State, 94 Texas Crim. Rep. 292; Guse v. State, 97 Texas Crim. Rep. 212; Wimberly v. State, 97 Texas Crim. Rep. 316; Wimberly v. State, 98 Texas Crim. Rep. 152; Rodriguez v. State, 100 Texas Crim. Rep. 11; Trammel v. State, 103 Texas Crim. Rep. 46. This case is an exact case upon the facts as well as the conclusion of law. Kile v. State, 106 Texas Crim. Rep. 328; Gray v. State, 107 Texas Crim. Rep. 620.

Appellant also contends that the trial court should have instructed the jury on the law of accomplice testimony. We do not think so. By the terms of Art. 670 of our Penal Code a co-possessor, transporter, or purchaser of intoxicating liquor is specifically exempted from being an accomplice. The testimony in the case at bar shows that the witness asserted by appellant to be an accomplice, took money from appellant and purchased for him whiskey, and then accompanied appellant in the car to the place where the officers arrested them. We think appellant wrong in his contention.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In his motion for rehearing appellant insists that the evidence shows two "transactions," the one relating to beer, the other to whiskey, and that the state should have elected between "transactions." It is sufficient answer to this contention to say that no request was made for an election between transactions. The only request upon the subject was as between the counts in the indictment.

As we understand the evidence it does not show the witness to have been an accomplice under Art. 670. P. C.

The motion is overruled.

*Overruled.*