**Eulogio GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41125.**

Court of Criminal Appeals of Texas.

May 7, 1969.

Elbert V. Pollan, and James W. Gregg, Rosenberg (court-appointed on appeal), for appellant.

R. A. Bassett, Dist. Atty., Richmond, William W. Burge, F. M. Stover and Phyllis Bell, Asst. Dist. Attys., of Harris County, Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of heroin; the punishment, thirty years.

The appeal in this cause was previously abated to provide the indigent appellant the effective aid of counsel on appeal and to allow the filing of a brief in the trial court. The appeal has now been perfected. Garza v. State, 433 S.W.2d 428.

The appellant was jointly indicted with Simon Dominguez and Tomasa Hernandez for the unlawful possession of heroin.

Severance was granted and Tomasa Hernandez was tried before a jury on a plea of not guilty. After a verdict of guilty, the court assessed her punishment at 20 years. The opinion on appeal is reported in 435 S.W.2d 520.

The appellant in his brief urges four grounds of error for reversal.

In his first ground of error the appellant contends that the heroin was seized as the result of an illegal search.

The second ground is that the trial court erred in the admission of testimony that the appellant gave his consent to the search of the automobile.

The third ground complains of the refusal of the trial court to require the disclosure of the identity of the informer.

The evidence on the merits in this case is substantially the same as that adduced in Hernandez v. State, supra. It was stipulated that the evidence on the pre-trial hearing on the motion to suppress in Hernandez was the same as in this case. The hearing to suppress was held for all the indictees at the same time and before the severance was was granted.

The three grounds urged as error in the brief of appellant's companion, Tomasa Hernandez, and considered on appeal as shown in Hernandez v. State, supra, are the same as those presented in this case. The consideration and disposition of these grounds in Hernandez are applicable and controlling in this case. The three grounds of error are overruled.

The appellant in his fourth ground of error contends that the trial court abused its discretion in refusing to grant the "Motion for Withdrawal of Counsel" or motion for continuance.

The indictment was returned and filed on May 9, 1966. On that date the appellant was arraigned, advised of his rights, entered a plea of not guilty, and his bond was set at $5,000. On May 23, 1966, the appellant's request for a continuance was granted. Rex Cammack represented the appellant at a pre-trial hearing on a motion to suppress evidence on February 20, 1967. Motion to sever was granted on March 27, 1967, and on that date the trial of Hernandez began by agreement of the parties. Trial began in appellant's case on June 12, 1967. On that date appellant's attorney, Rex Cammack, filed a motion requesting that he be allowed to withdraw for the reason that the appellant had not cooperated with him in the preparation of the case for trial. It is evident from the record that appellant had been out on an appearance bond. The court overruled Cammack's motion to withdraw stating that he had been an attorney

in the case since December 1, 1966. In addition to Rex Cammack, the first page of the transcript of the evidence also lists Jim DeFoyd as counsel for the appellant and the transcript of the evidence reveals that he participated in the trial.

It is concluded that the trial court did not abuse its discretion in refusing to allow Cammack to withdraw as counsel in the case or in refusing the motion for a continuance.

The fourth ground of error is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.