Mary **NORRIS**, Appellant,

v.

**The STATE of Texas, Appellee.**

**Nos. 47795 and 47796.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 24, 1974.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of two offenses of sale of heroin; punishment was assessed at fifteen years in each case.

Appellant contends the trial court erred in allowing the state's witness Anderson to testify as to the chemical analysis of the state's exhibits because Anderson did not personally receive the exhibits at the laboratory or run the chemical analysis on them, and therefore did not have personal knowledge of the laboratory records from which he testified.

Ordinarily, when a chemist testifies regarding his analysis of a substance, he testifies (1) that he received the substance, (2) that he ran tests on it, and (3) what the results of the tests showed the substance to be.

■ The first element relates to the chain of custody. State's witness Price of the Dallas Criminal Investigation Laboratory testified that he received the exhibits in question from officers of the Dallas Police Department for laboratory analysis, logged them in and turned them over to Dr. Mason for analysis. Previous testimony had established the chain of custody up to this point. This was sufficient to complete the chain from the sale to the laboratory. Any objection to the absence of Dr. Mason as a witness to testify as to receiving the exhibit, insofar as such objection relates to the chain of custody, goes to the weight of the evidence rather than its admissibility. See Kilburn v. State, Tex.Cr. App., 490 S.W.2d 551; Baldwin v. State, Tex.Cr.App., 490 S.W.2d 583; and cases cited therein. The chain having been completed to inside the laboratory, any further objection goes not to the chain of custody

but rather to whether the tests were run on the particular exhibit and whether the results testified to are from the tests run on that exhibit.

■ Anderson testified that he was supervisor of the technicians who actually ran the tests upon the state's exhibits. He then testified from records of the laboratory that tests were run upon the exhibits and what the results of those tests showed. It is well established that a chemist under whose supervision laboratory analysis of certain specimens are made by another chemist in the laboratory may testify from the laboratory records as to the results thereof. Boatright v. State, Tex.Cr.App., 472 S.W.2d 765; Green v. State, Tex.Cr. App., 451 S.W.2d 893; Kent v. State, Tex.Cr.App., 374 S.W.2d 671. Anderson's testimony was therefore properly admitted.

■ We note that the record also reflects that Anderson was the custodian of the records from which he testified. If admissibility of the records under Article 3737e, Vernon's Ann.Civ.St., had been established in the manner suggested in Coulter v. State, Tex.Cr.App., 494 S.W.2d 876, and the records admitted, Anderson, in his capacity as custodian, would have been authorized to explain their contents before the jury even if he had not been supervisor of the technicians who actually performed the analysis. Either method is available, and here, the State having complied with the first, no error was committed.

Finally, appellant contends the trial court erred in denying her motion for an instructed verdict because of the failure to prove chain of custody and chemical analysis of the heroin. For the reasons stated above, this ground of error is without merit.

The judgments are affirmed.