**Ronald Lee KIRBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00010–CR.**

Court of Appeals of Texas,
El Paso.

July 16, 1986.

William R. Bowden, Odessa, for appellant.

Jack P. Schulze, Big Lake, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

### OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a misdemeanor jury conviction for driving while intoxicated. The court assessed punishment at thirty days confinement (probated) and a fine of $250.00. We reverse and remand.

In Ground of Error No. One, Appellant complains of the exclusion of defensive evidence. Appellant was arrested shortly after 9:00 p.m., March 10, 1985. At the time of his arrest, Appellant submitted to an

intoxilyzer test which indicated a 0.13% blood alcohol level. Appellant requested a blood test. He was taken to the Reagan County Hospital where a blood sample was drawn at approximately 10:00 p.m. Ultimately, the sample was submitted to chemist Pat Donley of Forensic Associates, Lubbock, Texas. Donley's laboratory analysis indicated a 0.06% blood alcohol level. Upon motion by the State, this evidence was excluded by the trial judge. At trial, the State based its objection upon a failure to maintain an adequate chain of custody on the blood sample.

By bill of exception, Appellant established that the blood sample was taken at his request, within two hours of the arrest. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, sec. 3(c), (d) (Vernon Supp.1986). The specimen was taken at Reagan County Hospital under the supervision of Dr. J. L. Wright. The sample was packaged by Dana McMinn, a hospital employee, and tendered to the Appellant. He noted the date, time and his name on the box. Both the hospital and the arresting officer declined to accept the exhibit for preservation and analysis. Appellant was then taken to jail and booked. The blood sample was held by the jailer. Appellant was released on bond the next morning. He retrieved the blood sample from the jailer and took it to his residence, where he placed it in the refrigerator. No one else had access to it. Two days later, March 13, Appellant gave the sample to his attorney. On March 20, the attorney mailed the sample by certified mail to chemist Donley at Forensic Associates. Donley was previously employed as the managing chemist for the DPS laboratory in Lubbock. When Donley received the package, he assigned it a case number and performed standard tests upon it to ascertain the alcohol content. All of the above mentioned witnesses testified that they recognized the exhibit (Dx 7) and that the sample was not altered in any fashion while it was in their custody. Donley testified that it did not appear to have been tampered with or adulterated.

The State's specific objections are that the sample was not given an identifying number from the inception, that the vial was not given a security seal after it was drawn, that it bore an unrelated label suggesting possible prior contamination, and that the custodial chain was broken during Appellant's incarceration.

We find that these complaints are insufficient to preclude the admission of the exhibit and resulting expert testimony of Donley. The complaints go to the weight and credibility of the evidence, not its admissibility. *Mendoza v. State*, 552 S.W.2d 444 (Tex.Crim.App.1977); *Cazares v. State*, 488 S.W.2d 110 (Tex.Crim.App.1972); *Weeks v. State*, 476 S.W.2d 310 (Tex.Crim. App.1972); *Yantis v. State*, 476 S.W.2d 24 (Tex.Crim.App.1972); *Walker v. State*, 470 S.W.2d 669 (Tex.Crim.App.1971). Despite the absence of an original identifying number issued by the hospital, the chain of positive personal identification of the exhibit and its styrofoam carrying case was adequate. The lack of a security seal simply bears on the credibility of the testimony that no alteration in the sample had taken place. Lack of motivation on the part of the jailer (or other involved law enforcement personnel) to dilute the alcohol content of the sample renders that minimal break in the evidentiary chain insufficient to justify the exclusion. *Parr v. State*, 606 S.W.2d 928 (Tex.Crim.App.1980); *Norris v. State*, 507 S.W.2d 796 (Tex.Crim.App.1974).

Although the sufficiency of the evidence is not challenged, a general verdict was returned based upon two theories of intoxication: physical incapacity and blood alcohol level. Under these circumstances, the erroneous exclusion of the blood sample results cannot be deemed harmless. Ground of Error No. One is sustained.

Ground of Error No. Two complains of the trial court's exclusion of the opinion testimony of Dana McMinn, based upon her observation of Appellant from 9:50 p.m. until 10:40 p.m., that Appellant was not intoxicated. This complaint has not been preserved for review. Preservation of error as to the first ground addressed above

was conceded by the State and is adequately reflected in the record and statement of facts. It does not appear that this precise testimony by McMinn was the subject of the State's motion in limine. It does not appear from the record that this opinion testimony was offered and rejected by the trial court prior to completion of the final arguments at the guilt stage. Without such proffer and rejection, no error is shown. Ground of Error No. Two is overruled.

In Ground of Error No. Three, Appellant complains that his requested jury shuffle was not conducted in the courtroom itself. *Latham v. State*, 656 S.W.2d 478, 480 (Tex.Crim.App.1983); *Stark v. State*, 657 S.W.2d 115 (Tex.Crim.App.1983). Ground of Error No. Three is sustained.

The judgment is reversed and the cause remanded for new trial.