# NO. 12-17-00169-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRELL EDWARD ROBINSON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Terrell Edward Robinson appeals his conviction for possession of a usable quantity of marijuana in an amount of less than two ounces for which he was fined $300. Appellant raises six issues on appeal. We affirm.

## BACKGROUND

Officer Robert Main with the Tyler Police Department was on patrol observing a known drug house. When he witnessed a vehicle leaving the location, Main followed the vehicle and observed several traffic violations. The driver of the vehicle failed to signal a turn for the required distance on two occasions and made an improper wide right turn. Main initiated a traffic stop.

Appellant's girlfriend, Brianna Moss, was driving the vehicle, Appellant was riding in the front passenger seat, and Appellant's and Moss's child was in the back seat. Moss was driving without a license. Main told Moss that he stopped her for failing to properly signal a turn for the required distance. When asked where they had been, Appellant and Moss stated that they had been at the La Quinta Inn taking pictures. When Main asked Appellant if he had identification, Appellant initially stated that he did not. However, when Main subsequently indicated that he needed Appellant to recite his identifying information, Appellant instead provided Main with a

Texas identification card. Main informed Moss that she would receive a warning rather than a citation for the traffic offense. He then returned to his vehicle to run a warrant search on Appellant and Moss.

Although Main could not smell the odor of marijuana in the vehicle, he was suspicious. He believed that both Appellant and his girlfriend were acting nervous. He further believed that they were not telling the truth about where they had been because Main saw them leave a known drug house.

After determining that neither Appellant nor Moss had any outstanding warrants, Main again made contact with Moss. The two talked beside Main's patrol vehicle. Main told Moss that he would write her a warning, but he wanted to know if there was "weed in the car." Moss replied that there was a gram of marijuana in Appellant's possession.

Main then returned to Moss's vehicle and made contact with Appellant, who he asked to step out of the vehicle. Main handcuffed Appellant, and when Appellant questioned if he was going to jail, Main told Appellant that he was being detained. Main then asked Appellant if he had marijuana in his possession. Appellant initially denied having any marijuana, but eventually admitted having a gram of marijuana. Appellant retrieved the marijuana from his person, and Main took possession of it.

Appellant was charged by information with possession of a usable amount of marijuana in an amount less than two ounces.[1] Appellant pleaded "not guilty." Following a trial, the jury found Appellant "guilty" and assessed a fine of $300. The trial court sentenced Appellant in accordance with the jury's verdict. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends that the evidence is insufficient to support his conviction. Specifically, Appellant argues that the State failed to prove that the marijuana was a usable quantity.

**Standard of Review**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(a),(b)(1) (West 2017).

element of a criminal offense that the State is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson v. Virginia***, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **id.***, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. ***Id.*** A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See **Dewberry v. State***, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also **Brooks***, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See **Brooks***, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or

3

unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." ***Id.***

**Analysis**

In this case, the State was required to prove that Appellant possessed a usable quantity of marijuana in an amount less than two ounces. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a),(b)(1). Appellant contends that the evidence is insufficient to establish that the marijuana was a "usable quantity." While Main, the state's only witness, was not specifically asked whether the marijuana possessed by Appellant was a usable amount, the jury had ample circumstantial evidence from which it could determine that the marijuana was a usable amount.

First, Main stated that he recognized the marijuana by its odor and appearance and, based on his prior dealings with marijuana and Moss's statement that Appellant possessed a gram of marijuana, it appeared to be much less than two ounces. Second, Main testified that Exhibit 3 showed the small bag of marijuana possessed by Appellant. While Exhibit 3 is not part of the appellate record, the jury was able to see how much marijuana the bag contained and, accordingly, the amount of marijuana that Appellant possessed. Third, Main testified that the marijuana consisted of three clumps. Fourth, Moss told Main that she and Appellant paid $15 for the marijuana.

The video from the traffic stop also supports the jury's verdict that Appellant possessed a usable amount of marijuana. The video reflects that, during his separate conversation with Moss, Main told Moss that any usable amount of marijuana is a class B misdemeanor in Texas. Similarly, on two occasions while speaking with Appellant, Main said that any usable amount of marijuana is illegal in Texas and that it is a class B misdemeanor, one step above a ticket. Further, both Appellant and Moss stated that they paid $15 for the marijuana. They both admitted to smoking marijuana in the past.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational factfinder could have found, beyond a reasonable doubt, that Appellant possessed a usable amount of marijuana in an amount less than two ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a),(b)(1); *see also **Spector v. State***, 746 S.W.2d 946, 949-50 (Tex. App.—Austin 1988, pet. ref'd) (finding evidence sufficient when marijuana weighed .19 grams along with defendant's attempt to destroy cigarette). Accordingly, we hold that the evidence is legally

4

sufficient to support Appellant's conviction. *See Brooks*, 323 S.W.3d at 899.[2] We overrule Appellant's first issue.

### UNREASONABLE SEARCH AND SEIZURE

In his second issue, Appellant contends that the detention was not temporary. In his third issue, Appellant argues that his and Moss's statements were not voluntary. In his fourth issue, Appellant urges that he was never read his *Miranda* warnings. In his fifth issue, Appellant contends that Main conducted a custodial interrogation and not a criminal investigation. Accordingly, Appellant argues that the trial court erred in denying his motion to suppress evidence.

### Preservation of Error

To preserve a complaint for our review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g). When a pretrial motion to suppress is denied, the defendant need not object to the admission of the evidence at trial. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App.1986). But, if a trial court has not yet ruled on a motion to suppress when the evidence is offered at trial, the defendant must object to the evidence in order to preserve error. *Sanders v. State*, 387 S.W.3d 680, 686 (Tex. App.—Texarkana 2012, pet. struck).

Additionally, even when the trial court denies the motion to suppress before the evidence is introduced, when a defendant affirmatively states during trial that he has "no objection" to the admission of the complained of evidence, an appellate court must examine the context of the record to determine if error has been preserved. *Thomas v. State*, 408 S.W.3d 877, 885-86 (Tex. Crim. App. 2013). It has long been held that such an affirmative statement constitutes a "waiver" of the right to raise on appeal the error that was previously preserved. *See id.* at 881–

---

[2] We recognize that an appellate court may take judicial notice that a certain amount of marijuana constitutes a usable amount. *See Lejeune v. State*, 538 S.W.2d 775, 780 (Tex. Crim. App. 1976). However, based on the state of this record, a reasonable jury could have been convinced by the circumstantial evidence that the marijuana possessed by Appellant constituted a usable amount. Accordingly, we need not take judicial notice that a gram is a usable amount.

82. However, in *Thomas*, the court of criminal appeals acknowledged some flexibility in our construing this rule. As the court stated,

> [A]s with error preservation in general, the rule that a later statement of "no objection" will forfeit earlier-preserved error is context-dependent. By that we mean that an appellate court should not focus exclusively on the statement itself, in isolation, but should consider it in the context of the entirety of the record. If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits. On the other hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement to be a waiver of the earlier-preserved error. Under the latter circumstances, the affirmative "no objection" statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood.

*Id.* at 885–86.

**<u>Application</u>**

Here, Appellant filed a pretrial motion to suppress but failed to obtain a ruling on the motion. Instead, on the morning of trial, when asked by the trial court about the pending motion to suppress, Appellant's counsel stated, "We want to carry that to trial, Your Honor." Moreover, from Appellant's conduct at trial, we cannot tell whether Appellant intended to abandon his objections previously made in his motion to suppress. Just before jury selection, Appellant's counsel informed the trial court and the State that he probably would proffer into evidence the recording of the traffic stop.

During the State's case in chief, the State proffered the following four exhibits into evidence: (1) a package containing a chain of custody form and a bag of marijuana; (2) the chain of custody form for the marijuana relevant to the charge against Appellant; (3) the bag of marijuana relevant to the charge against Appellant; and (4) the recording of the traffic stop relevant to the charge against Appellant. When the State proffered Exhibits 1 and 2, Appellant objected that there was not a complete chain of custody. The trial court overruled Appellant's objections, admitted Exhibit 2, and conditionally admitted Exhibit 1. The State then proffered Exhibit 3 into evidence. After reviewing Exhibit 3, Appellant's counsel stated, "Thank you, Your Honor. No objection." The trial court admitted Exhibit 3 into evidence. Finally, when the State proffered Exhibit 4 into evidence, Appellant's counsel stated, "I have no objection." The trial court then admitted Exhibit 4.

The State published the recording of the traffic stop to the jury. When the State forwarded through a portion of the recording, Appellant requested that the entire recording be published to the jury. The trial court instructed Appellant that the rest of the recording could be published during Appellant's portion of the presentment of evidence. Later, during Appellant's cross-examination of Main, Appellant published the entire recording to the jury.

At no time during the State's case in chief did Appellant give any indication that he wished to preserve the objections stated in his previously filed motion to suppress. Nevertheless, after the State rested, Appellant asked the trial court to grant his motion to suppress. The trial court denied Appellant's motion.

Under these facts, we cannot conclude that Appellant preserved the objections made in his pretrial motion to suppress. *See Sanders*, 387 S.W.3d at 686; *Thomas*, 408 S.W.3d at 885-86. Because we conclude that Appellant waived the objections contained in his motion to suppress, we overrule Appellant's second, third, fourth, and fifth issues.

## CHAIN OF CUSTODY

In his sixth issue, Appellant argues that the trial court erred in admitting evidence that was not supported by a proper chain of custody.

### Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). "That is to say, as long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede." *Id.*

"Without evidence of tampering, most questions concerning care and custody of a substance go to the weight attached, not the admissibility, of the evidence." *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). Once the State proves the beginning and end of the chain of custody of evidence, the trial court does not abuse its discretion in admitting the proffered evidence barring any showing of tampering or alteration. *Pinales v. State*, Cause No. 05-01-01699-CR, 2002 WL 31116234, at *2 (Tex. App.—Dallas Sept. 25, 2002, no pet.) (op., not designated for publication). The chain of custody is conclusively proven if an officer is able to identify that he or she seized the item of physical evidence, put an identification mark on it, placed it in the property room, and then retrieved the item being offered on the day of

7

trial. ***Stoker v. State***, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989). Gaps within the chain of custody affect only the weight and not the admissibility of the evidence. ***Norris v. State***, 507 S.W.2d 796, 797 (Tex. Crim. App. 1974).

**Application**

Here, Main stated that he took possession of the marijuana from Appellant. Main placed the package of marijuana in his vehicle. Later, Main tagged the package and logged it into the property department at the police station as evidence. Main subsequently retrieved the package containing the marijuana possessed by Appellant and brought it with him to trial. Main testified that the marijuana did not appear to be altered in any way.

Appellant complains that Main had possession of the bag of marijuana for two days before turning it into the evidence department. However, Appellant does not allege any altering of or tampering with the bag of marijuana, nor did he raise any such allegations at trial. *See Stoker,* 788 S.W.2d at 10; ***Pinales***, 2002 WL 31116234 at \*2. Absent such evidence, any questions regarding the care and custody of the bag of marijuana go to the weight rather than the admissibility of the evidence. *See **Lagrone***, 942 S.W.2d at 617. Accordingly, the trial court did not abuse its discretion in admitting the complained-of evidence. *See **Norris***, 507 S.W.2d at 797. We overrule Appellant's sixth issue.

### DISPOSITION

Having overruled Appellant's first, second, third, fourth, fifth, and sixth issues, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered March 21, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 21, 2018**

**NO. 12-17-00169-CR**

**TERRELL EDWARD ROBINSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-82404-16)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*